UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT SMITH, et al.,<br><br>Defendants. | No. 2:16-cv-1214 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.   Application to Proceed In Forma Pauperis

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, though he has not submitted a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). However, the court will not assess a filing fee at this time. Instead, the complaint will be summarily dismissed.

II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
4        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
7  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,
8  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
9  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490
10 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
11 has an arguable legal and factual basis.  Id.
12       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
13 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
14 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
15 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
16 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
17 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
18 allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations
19 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
20 merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)
21 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
22 ed. 2004)).
23       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
24 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
25 Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
26 content that allows the court to draw the reasonable inference that the defendant is liable for the
27 misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint
28 under this standard, the court must accept as true the allegations of the complaint in question,

1   Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
2   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
3   McKeithen, 395 U.S. 411, 421 (1969).

4       III.    Complaint

5       Plaintiff alleges that defendant Smith, a public defender who represented him in a criminal
6   matter, violated his right to access to the court by failing to provide representation, denying legal
7   calls, refusing to provide plaintiff with documents related to his case, and leading plaintiff to
8   believe he was still representing him even though plaintiff's Marsden motion had been granted.
9   ECF No. 1 at 3.  He further alleges that defendants Olivera and Thompson, who are identified as
10  superior court judges, denied his requests for an attorney other than defendant Smith and ignored
11  his history with defendant Smith.  Id. at 4-5.  He also claims that defendant Olivera held some
12  kind of hearing related to felony charges outside of his presence.  Id. at 4.

13      IV.    Failure to State a Claim

14      A.    Defendant Smith

15      "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right
16  secured by the Constitution and laws of the United States, and must show that the alleged
17  deprivation was committed by a person acting under color of state law."  West v. Atkins, 487
18  U.S. 42, 48 (1988) (citations omitted).  "[A] public defender does not act under color of state law
19  when performing a lawyer's traditional functions as counsel to a defendant in a criminal
20  proceeding."  Polk Cnty. V. Dodson, 454 U.S. 312, 325 (1981).

21      In this case, plaintiff's allegations against defendant Smith are based on his claims that
22  Smith was deficient in carrying out his duties as counsel.  Because plaintiff's allegations are
23  about defendant Smith's actions in representing plaintiff in a criminal case, Smith was not acting
24  under color of state law.  This means that plaintiff cannot bring a claim for damages against
25  defendant Smith under § 1983.  Furthermore, any potential claims for legal malpractice do not
26  come within the jurisdiction of the federal courts.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th
27  Cir. 1981).  For these reasons, the claims against defendant Smith should be dismissed without
28  leave to amend.

B.     Defendants Olivera and Thompson

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-55 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). A judge's jurisdiction is quite broad and its scope is determined by the two-part test articulated in Stump:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to [1] the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and [2] to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Id. at 362.

The alleged actions of defendants Olivera and Thompson fall squarely within the scope of functions "normally performed by a judge" and were done while they were acting as superior court judges. Defendants Olivera and Thompson are therefore absolutely immune from liability under § 1983 and the claims against them must be dismissed without leave to amend.

C.     Termination of Probation

As part of his requested relief, plaintiff seeks termination of his probation. ECF No. 1 at 6. To the extent plaintiff may be attempting to challenge the fact or duration of his confinement, he cannot do so in a section 1983 action and his sole remedy lies in habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations omitted); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If plaintiff seeks relief from his conviction, he must pursue it through a petition for writ of habeas corpus.

V.     No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-

4

1  30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
2  defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see
3  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
4  leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
5  clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
6  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
7  that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.
8  Cato, 70 F.3d at 1005-06.

9       The undersigned finds that, as set forth above, the complaint fails to state a claim upon
10 which relief may be granted and that amendment would be futile.  The complaint should therefore
11 be dismissed without leave to amend.

12      Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a
13 United States District Judge to this action.

14      IT IS FURTHER RECOMMENDED that this action be dismissed without leave to amend
15 for failure to state a claim.

16      These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
18 after being served with these findings and recommendations, plaintiff may file written objections
19 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
20 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
21 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
22 (9th Cir. 1991).

23 DATED: June 28, 2016

                                    _____
                                    ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE